UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    -v-

MICHAEL AARON TEW,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Docket No.: 20-mj-0088-KLM

MOTION TO RESTRICT ACCESS TO DOCUMENT

    Undersigned counsel hereby moves under Local Criminal Rule 47.1(c) to restrict access to the declaration filed in support of my motion to withdraw as counsel to Michael Tew in this action which is entered on the docket as Document Number 26.  As set forth in my motion to withdraw as counsel (DE 25), I seek leave to withdraw from the representation under Rule 1.16 of the Colorado Rules of Professional Conduct, subsections (b)(1), (b)(5), (b)(6), and (b)(7), and for Mr. Tew to be appointed counsel under the Criminal Justice Act.  The detailed information provided in the declaration supporting my motion to withdraw should be limited to the Court's review because it implicates the attorney-client relationship and client confidences.  Disclosure of this sensitive information to the government or to the public may prejudice Mr. Tew in connection with this case.  At bottom, the motion to withdraw is based on Mr. Tew's failure and inability to comply with the financial terms of the engagement agreement and other personal circumstances that render the representation unreasonably difficult.  Neither the government nor the public at large have any legitimate or meaningful interest in accessing the more detailed, specific information concerning those issues that is contained in that declaration.

Accordingly, I respectfully request that the declaration filed as Document Number 26 on the docket in this case be accorded a Level 3 restriction, limiting access to the filing party and the Court.  *See, e.g., Team Obsolete Ltd. V. A.H.R.M.A. Ltd.*, 464 F. Supp.2d 164, 165 (E.D.N.Y. 2006) ("A review of the relevant case law demonstrates that documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and that this method is viewed favorably by the courts."); *Sabre Int'l Security v. Torres Advanced Enterprise Solutions, LLC*, 219 F. Supp.3d 155, 159 (D.D.C. 2016) (granting motion to file documents supporting motion to withdraw as counsel under seal without disclosure to any party because "[t]he redacted materials pertain to the attorney-client relationship . . . and assist the Court in considering Moving Attorneys' motion to withdraw"); *Thekkek v. Lasersculpt, Inc.*, 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012) (granting motion to file documents in support of attorney's motion to withdraw over opposing counsel's objection where the "confidential information they contain pertains only to the attorney-client relationship," the basis of the motion was a fee dispute, and "Plaintiffs have not articulated a legitimate interest in learning the specifics of the fee dispute.").

Respectfully submitted,

New York, New York
August 12, 2020

/s/ Eric M. Creizman
Eric M. Creizman
Armstrong Teasdale LLP
919 Third Avenue, Fl. 37
New York, New York 10022
T: (212) 209-4358
M: (917) 494-5881
E: ecreizman@atllp.com