IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 20-mj-00088-KLM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.  MICHAEL AARON TEW,

        Defendant.
_____

**DEFENDANT'S UNOPPOSED MOTION TO MODIFY BOND
TO REMOVE THE HOME DETENTION CONDITION**
_____

        COMES NOW Defendant Michael Aaron Tew ("Mr. Tew"), by and through his attorneys Edward R. Harris and The Office of the Federal Public Defender, and moves to modify the conditions of his bond by removing the home detention condition.  In support of this motion, Mr. Tew states:

        1.      On July 9, 2020, Magistrate Judge Mix ordered Mr. Tew's release from custody on a $20,000 unsecured bond. ECF 7-9.  Conditions of that bond include both home detention (ECF 9 at 7p) and GPS monitoring (ECF 9 at 7q).

        2.      Both home detention and GPS together are not needed to protect the public or to assure Mr. Tew's appearance for court proceedings.[1] GPS alone is

---

[1] The original justification for the addition of these two conditions was the belief that Mr. Tew had access to funds and a desire to escape.  Neither is currently true. Magistrate Judge Mix expressed concern about a text Mr. Tew sent referencing a desire for funds to leave the country. Those funds were never remitted and Mr. Tew, who lives month to month and has appointed counsel, has no hidden assets. His subsequent actions in this case (discussed in this motion and to be amplified at a bond hearing on this motion) evidence a desire to remain and face the charges.

sufficient.  The addition of home detention poses an unreasonable burden on Mr. Tew, while at the same time not furthering the goals of the Bail Reform Act.

       3.      Since his release, Mr. Tew has fully complied with the bond conditions set by the court.  He has done so despite the home detention condition hampering his ability to care for his children, including daughter Zivah, a special needs child. Further, Mr. Tew will soon have to find a new place to live and that search for housing will be made more difficult by the current home detention condition.

       4.      Mr. Tew poses neither a risk of flight nor a risk of nonappearance for court.  In fact, he already has appeared for court several times without hesitation or incident.  He grew up in Denver.  His parents, sister and brother all live here.   He has a wife and two young children here in Denver.  His daughters go to school here.  He has no significant ties elsewhere and no business need to travel. Nor does he possess a passport (he surrendered it). In short, he is not going anywhere.

       5.      Significantly, Mr. Tew is facing the charges against him, has already waived indictment, and anticipates entering a preindictment disposition in the near future. These are not the actions of a man anticipating flight.  Given everything, there is no need to keep him restricted to his home.

       6.      Uniquely too for Mr. Tew, apart from it being unnecessary, home detention is also problematic.  Contrasted with the lack of any need to restrict Mr. Tew's movement is his need to have greater flexibility of movement, largely due to his young daughter Zivah.

7. The little girl suffers a sensory disorder. At age five and with that disability she has special needs. Those needs do not always neatly fit the confines of her dad's home detention. In fact, they often conflict.

8. Mr. Tew is a very active and devoted parent. He is involved in every aspect of his children's lives. The children, and especially Zivah, rely heavily on him. Home detention sharply interferes with this. For example, Zivah needs special evaluations for kindergarten. A parent must be present for those evaluations. Mr. Tew has to make special arrangements with the Pretrial Services to accommodate this.

9. Likewise, although Mr. Tew has a scheduled time to take the kids out every other day, that inflexible constraint poorly matches the needs of a child with Zivah's issues. For example, sometimes Zivah takes a nap and needs to go out later. Sometimes she needs to go out earlier. Because of her sensory processing disorder she needs to embark in physical activity. Physical activity is key to her inter-body regulation that allows her to then eat and communicate more normally. Mr. Tew needs more flexibility to meet her special needs.

10. Another concern and recent change in circumstances necessitating a modification of conditions is that Mr. Tew needs to find a new place to live. That task is only complicated by home detention. His apartment building is not renewing the lease and he must find a new place to live by November 1, 2020. This requires more flexibility to come and go than is currently possible with home detention.[2]

---

[2] Even without these concerns, the current arrangement leaves much to be desired. Although he is at this time not seeking to remove GPS location monitoring, Mr. Tew notes that the GPS monitor signal bounces off the walls of neighboring buildings and often sends a false signal even when he is in the home.

3

11. Finally, Mr. Tew poses no danger to the public. This is a white collar crime involving a former employer. Mr. Tew is neither violent nor dangerous. GPS does nothing to prevent him from committing a further financial crime which he is in any event disinclined to do.

12. Overall then, there is no need for GPS. It simply poses an extra and unjustified burden on Mr. Tew and his family.

13. Counsel has conferred with AUSA Hetal Doshi regarding this motion. The government does not oppose removing the condition of home detention but leaving GPS location monitoring in place. The government also would prefer that there be a 9:00 pm curfew as part of the bond (Mr. Tew does not oppose the 9:00 pm curfew, but believes it to be unnecessary).

WHEREFORE Defendant respectfully requests modification of bond to remove the home detention condition.

Respectfully submitted,

VIRGINIA GRADY
Federal Public Defender


s/ Edward R. Harris
Edward R. Harris
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Edward_Harris@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Hetal Janak Doshi, Assistant United States Attorney
    Email:  hetal.doshi@usdoj.gov

Matthew T. Kirsch, Assistant United States Attorney
    Email: matthew.kirsch@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Michael Aaron Tew    *via U.S. mail*

    s/ Edward R. Harris
    Edward R. Harris
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Edward_Harris@fd.org
    Attorney for Defendant